SO ORDERED,
SIGNED July 13, 2007.

STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE

FILED
JUL 13 2007

BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re: CANOCO, INC. § | Case No.: | **06-11262** |
| Debtor-In-Possession § | CHAPTER 11 | |

*Jointly Administered With*

| | | |
|---|---|---|
| In re: MERFIN, INC. § | Case No.: | **06-11263** |
| Debtor-In-Possession § | CHAPTER 11 | |

*Jointly Administered With*

| | | |
|---|---|---|
| In re: MINORA CORPORATION, INC. § | Case No.: | **06-11264** |
| Debtor-In-Possession § | CHAPTER 11 | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court held a hearing on July 13, 2007, to consider confirmation of the "Debtors' Consolidated Plan of Reorganization (As Revised July 13, 2007)" [Doc. 330], which is the final

version of the plan of reorganization originally filed on January 17, 2007, as revised on April 17, 2007, May 11, 2007, July 6, 2007 and July 13, 2007 (the "Plan"), filed by Canoco, Inc., Merfin, Inc. and Minora Corporation, Inc. ("Debtors"). Based upon the arguments of counsel, the record of this bankruptcy case, and evidence introduced during the hearing, the following findings of fact and conclusions of law are hereby entered in connection with the confirmation of the Plan.

Capitalized terms used herein shall have the meanings assigned to those terms in the Plan or the Bankruptcy Code or as otherwise defined herein.

## **FINDINGS OF FACT**

1. On January 17, 2007, Debtors filed the initial version of the Plan along with a disclosure statement as required by Section 1125 of the Bankruptcy Code, and revised versions of the same were filed on April 17, 2007, May 11, 2007, July 6, 2007, and July 13, 2007.

2. The Disclosure Statement was amended in its final form on May 18, 2007 [Doc. 290], and was approved as containing adequate information on May 21, 2007 [Doc. 293]. A hearing on the confirmation of the Plan of Reorganization was set for June 25, 2007, and was continued in open court on that date to July 9, 2007. On July 9, 2007, the hearing was again continued in open court to July 13, 2007.

3. Notice of the filing of the Plan and the hearing to confirm the proposed Plan was duly given as (i) Debtor timely served copies of the Disclosure Statement, the Plan of Reorganization, the Ballot and the instructions for casting a Ballot to all parties entitled to vote to accept or reject the Plan and (ii) Debtor timely served to all creditors and all parties in interests listed on the mailing matrix a copy of the "Order Conditionally Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of the Plan, Fixing Date for Disclosure

2

Statement Hearing and Confirmation Hearing, Fixing Bar Date to File Proofs of Claim, and Approving Form of Ballot and Instructions Related Thereto, Combined with Notice Thereof."

4. All continuances on the hearing on confirmation have been conducted in open court, notices of such continuances have been provided to all parties on the court's electronic notice matrix, and all parties having filed objections to the Plan have been present through counsel at each continuance.

5. Each class of Claims or Equity Interests has either accepted the Plan or is not impaired under the Plan. *[handwritten: First Bank & Trust Company of Illinois, with Court Approval, changed its rejecting Ballot to an accepting Ballot for Class 6 and Class 7. ORIX - Wells Fargo, with Court Approval, Changed its rejecting Ballot to an accepting Ballot for Class 8.]*

6. All amendments to the Plan requested at the hearing on confirmation are immaterial modifications not requiring additional notice to creditors or parties in interest.

7. The following parties filed objections to confirmation of the Plan: (a) First Bank and Trust Company of Illinois; (b) Well Fargo Bank, N.A., as Trustee for Certificateholders Under that Certain Pooling Service Agreement Dated and Effective November 1, 1999, Related to the Mortgage Pass-Through Certificates Series 1999-C1, by and Through Its Special Servicer, ORIX Capital Markets, LLC ("Wells Fargo"); and (c) the United States Trustee.

8. The objections listed above were either withdrawn (due to Plan modifications), or overruled or otherwise denied as set forth in the confirmation order.

9. The Plan complies in all respects with the provisions of Section 1129 of the Bankruptcy Code, including the following:

    a. The Plan complies with the applicable provisions of the Bankruptcy Code.

    b. The Debtor has complied with the applicable provisions of the Bankruptcy Code.

    c. The Plan has been proposed in good faith and not by any means forbidden by law.

    d. Any payment made or promised by the Debtor, or by a person acquiring property under the Plan, for services or for costs and expenses in or in connection with the

3

Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable.

e. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a Plan with the Debtor or a successor to the Debtor under the Plan, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy, and the Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation of such insider.

f. With respect to each Class of impaired Claims or Equity Interests, either each holder of a Claim or Equity Interest of such class has accepted the Plan, or will receive or retain under the Plan on account such Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code; or if Section 1111(b)(2) of the Bankruptcy Code applies to the Claims of such Class, each holder of a Claim will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the value of such holder's interest in the Debtor estates' interest in the property that secures such Claims.

g. Each Class of Claims or Equity Interests has either accepted the Plan or is not impaired under the Plan.

h. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Allowed Administrative Expense Claims and Allowed Other Priority Claims will be paid in full on the Effective Date; and that Allowed Priority Tax Claims will receive on the account of such Allowed Claims deferred cash payments, over a period not exceeding six years after the date of assessment of such Claim of a value, equal to the Allowed amount of such Claim, as of the Effective Date.

i. At least one Class of impaired Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim of such Class.

j. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

4

k.  The Plan provides that the quarterly fees required under 28 U.S.C. Section 1930 have been paid or will be paid on the Effective Date of the Plan.

l.  The Debtor has no retirement obligations to retired employees and Section 1114 of the Bankruptcy Code is not applicable to this Debtor.

9.  The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests.

10.  With respect to each class of secured claims, the Plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments or property transfers totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in such property.

11.  With respect to each class of unsecured claims:

(i)  the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

(ii)  the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such claim junior claim or interest in any property.

12.  With respect to the class of interests:

(i)  the Plan provides that each holder of an interest of such class receive or retain on account of such interests property of a value, as of the Effective Date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, or the value of such interest; or

(ii)  the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such claim junior interest any property.

13.  Debtor is capable of paying or otherwise performing the obligations assumed under the Plan and the Plan is feasible.

5

## CONCLUSIONS OF LAW

14. The provisions contained in Article X of the Plan regarding retention of jurisdiction of this Court are consistent with all applicable law.

15. The Plan classifies claims and interests in a manner consistent with the operations of Section 1122 of the Bankruptcy Code.

16. The Plan contains all the requirements embodied in Section 1123 of the Bankruptcy Code.

17. The Plan complies with Section 510(a) of the Bankruptcy Code.

18. All provisions of the Plan regarding the use, sale or lease of property comply with Section 363 of the Bankruptcy Code.

19. Debtor complied with the requirements of Section 365 of the Bankruptcy Code in connection with the assumption and rejection of all executory contracts.

20. Debtor and its attorneys, accountants and other professionals have acted in good faith in the solicitation of acceptances of the Plan. Hence, such persons and entities are entitled to the full protection afforded pursuant to Section 1125(e) of the Bankruptcy Code.

21. Pursuant to Bankruptcy Rule 3019, all required classes of Claims against and Interests in the Debtor who voted in favor of the Plan are deemed to have accepted the Plan as modified at the confirmation hearing.

22. The Plan and its proponent have complied with the requirements of Section 1125 of the Bankruptcy Code.

###

6

06-11262 - #334   File 07/13/07   Enter 07/13/07 16:51:08   Main Document   Pg 6 of 7

**FINDINGS OF FACT AND CONCLUSIONS
OF LAW PREPARED BY:**

Grant E. Summers, Bar No. 3953
Davidson, Jones & Summers
509 Market Street, Suite 800
Shreveport, Louisiana 71101
Telephone: 318-424-4342
Facsimile: 318-226-0168

**Counsel for Debtor**

**COPY SENT**
Date: 7-13-07
By: MZ
To: BNC FCR NTC TD:
MATRIX

7